**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| LESLIE WORKMAN ) | |
| ) | |
| Plaintiff, ) | **Case No.:** |
| ) | |
| v. ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| MEDICREDIT, INC, ) | |
| ) | **(Unlawful Debt Collection Practices)** |
| Defendant. ) | |
| ) | |
| _____ ) | |

LESLIE WORKMAN ("Plaintiff"), by and through her attorneys, Kimmel & Silverman,

P.C., alleges the following against MEDICREDIT, INC. ("Defendant"):

**INTRODUCTION**

1.      This is an action for damages brought by an individual consumer for Defendant's

violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

**JURISDICTION AND VENUE**

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states

that such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court

original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant conducts business in the State of Maryland, therefore, personal

jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

1

**PARTIES**

5.      Plaintiff is a natural person residing in Essex, Maryland 21221.

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.      Defendant is a corporation with its principal place of business located at 3 City Place Drive, Suite 6900, St. Louis, MO 63141.

9.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

10.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

11.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12.      At all relevant times herein, Defendant was attempting to collect an alleged consumer debt and contacted Plaintiff in its attempts to collect that debt.

13.      Plaintiff has never incurred any debts in connection with a business or commercial activity and, therefore, the alleged debt, if truly an obligation owed by Plaintiff, could have arisen only from a financial obligation for primarily personal, family, or household purposes.

14.      Beginning in or around early March 2015, and continuing through September 2015, Defendant placed repeated and continuous harassing calls to Plaintiff's cellular telephone.

15.      Defendant's calls originated from the numbers including, but not limited to: (888) 213-9688.  The undersigned has confirmed that this number belongs to Defendant.

16.      Beginning in early April 2015, and on each call thereafter, Plaintiff informed

2

Defendant to stop calling her on her cellular telephone.

17.     Plaintiff also informed Defendant that she could not pay the debt in question.

18.     However, Defendant continued to contact Plaintiff on her cellular telephone thereafter, averaging two to three times per week.

19.     Finally, Defendant failed after initial communication, to send Plaintiff within five (5) days a notice of her rights, including the right to dispute the debt, right to seek validation and/or the right to know the amount claimed from her as well as other details about the debt.

20.     Defendant's actions, as described herein, were taken with the intent to mislead, harass, and coerce payment from Plaintiff.

## COUNT I
### DEFENDANT VIOLATED § 1692d OF THE FDCPA

21.     A debt collector violates section 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

22.     Defendant violated section 1692d of the FDCPA when it placed repeated harassing calls to Plaintiff's cellular telephone numbers despite being told to stop calling her, and when it engaged in other harassing, oppressive or abusive conduct.

## COUNT II
### DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA

23.     A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

24.     Defendant violated § 1692d(5) when it placed repeated and continuous harassing

PLAINTIFF'S COMPLAINT

telephone calls to Plaintiff.

## COUNT III
### DEFENDANTS VIOLATED § 1692f OF THE FDCPA

25.     A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

26.     Defendants violated § 1692f when it failed to update its internal records; and, generally, when it used unfair, abusive, and unconscionable conduct.

## COUNT IV
### DEFENDANT VIOLATED § 1692g OF THE FDCPA

27.     A debt collector violates § 1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

28.     Defendant violated § 1692g(a) when it failed to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to

4

dispute the debt or request verification of the debt or providing her with the name of the original creditor and the amount of the debt.

WHEREFORE, Plaintiff, LESLIE WORKMAN, respectfully prays for a judgment as follows:

    a.   All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.   Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LESLIE WORKMAN, demands a jury trial in this case.

Respectfully submitted,

DATED: October 15, 2015

By: /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Avenue
Ambler, PA 19002
Tel: 215-540-8888
Fax: 215-540-8817
Email: aginsburg@creditlaw.com
Attorney for the Plaintiff

5

PLAINTIFF'S COMPLAINT